# DeGRAFF·FOY

DeGRAFF · FOY & KUNZ · LLP
ATTORNEYS AND COUNSELORS AT LAW

GEORGE J. SZARY
*e-mail: gszary@degraff-foy.com*

April 20, 2010

**VIA CM/ECF**
Hon. Lawrence E. Kahn
U.S. District Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207

RE:   Albert A. D'Agostino v. Thomas P. DiNapoli, et al.
　　　09-CV-1347 (LEK) (RFT)

Dear Judge Kahn:

  This firm represents the Plaintiff, Albert A. D'Agostino in the above-referenced matter. This letter brief is submitted on his behalf in further opposition to the Defendants' motion to dismiss as permitted by the letter Order of the Court dated April 19, 2010.

## The Rooker-Feldman Doctrine Is Inapplicable To This Matter

  At point II(b) of their reply memorandum, the Defendants for the first time raise the Rooker-Feldman doctrine in an effort to persuade this Court to decline jurisdiction. However, the doctrine is inapplicable to the facts of this case, and does nothing to support the Defendants' motion to dismiss.

  Under the Rooker-Feldman doctrine, a Federal Court is deemed to be denied subject matter jurisdiction "over suits that seek direct review of judgments of state courts, or that seek to resolve issues that are 'inextricably intertwined' with earlier state court determinations." *Vargas v. City of New York*, 377 F.3d 200, 205 (2d Cir. 2004). The doctrine is applicable only in those instances where the Federal Court "would necessarily have to determine that the state court erred in order to find that the Federal claims have merit." *Khal Charidim Kiryas Joel v. Vill. Of Kiryas Joel*, 935 F. Supp. 450, 455 (S.D.N.Y. 1996). Consequently the doctrine is inapplicable here for two distinct reasons.

  First and foremost, the Plaintiff is not seeking nor is any determination on the merits of this 42 U.S.C. § 1983 constitutional tort claim dependent upon this Court reversing or undoing any state court holding. In fact, the gravamen of the claim rests on the expectation that this Court will abide by a state court determination that Mr. D'Agostino's right to Due Process of Law was violated by the Defendants' actions in stripping him of participation in the retirement

system. Thus, rather than seeking a "direct review of Justice Connolly's decision in D'Agostino I (and the decision rendered by the Appellate Decision in D'Agostino III)" (Defendants' Reply Memorandum of Law, p. 8), Mr. D'Agostino wishes to rely on the state court decision finding a constitutional violation articulated in Judge Connolly's decision dated August 20, 2009 ("D'Agostino II"). (See Compl. Ex. C, p.6). Indeed D'Agostino I and D'Agostino III have little bearing on this action.

Second, the issue of retroactive application of new regulatory standards in violation of New York State Constitution, Article V, § 7, is not raised by this Complaint. In any event the New York State trial court did not make any holding on the merits of this issue, even assuming arguendo this Court was asked to review it. Instead the state court found this issue "is necessarily fact intensive... [and] Petitioner has therefore failed to show an applicable exception to the exhaustion requirement with respect to the claim of violation of the New York State Constitution, Article V, Section 7." (*In the Matter of the Application of Albert A. D'Agostino*, 24 Misc. 3d 1090, 1096-97, which accompanies Plaintiff's Memorandum of Law in Opposition as an Appendix). Thus, the state court made no finding on the merits, instead dismissing on a procedural basis. Similarly, the Appellate Division, Third Department, did not reach the merits of this question instead finding no basis for reviving this claim, as Mr. D'Agostino obtained the full relief sought from the decision in D'Agostino II, reinstatement of his retirement. (894 N.Y.S. 2d 778, which decision is contained in the Appendix to Plaintiff's Memorandum of Law in Opposition).

As this Complaint does not rely on any alleged error by the state court, or seek any reversal of a state court decision by this Court, the Rooker-Feldman doctrine is inapplicable.

For these reasons and the reasons stated in Plaintiff's Memorandum of Law in Opposition, the motion of the Defendants must be denied.

Respectfully submitted,

DeGRAFF, FOY & KUNZ, LLP

George J. Szary
Bar Roll No. 103572

GJS/tns
cc:   James W. Roemer, Esq.
      Mr. Albert A. D'Agostino
      Douglas J. Goglia, Esq.